635 So.2d 9 (1994)
Russell CARINO, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 81999.
Supreme Court of Florida.
March 10, 1994.
Rehearing Denied May 2, 1994.
*10 Richard L. Rosenbaum of the Law Offices of Richard L. Rosenbaum, Fort Lauderdale, and Rhonda Rogers of the Law Offices of Rhonda Rogers, Hollywood, for petitioners.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Sr. Asst. Atty. Gen., Chief, Crim. Law, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We have for review a decision certifying the following questions to be of great public importance:
A. ARE RULES 10D-42.023 AND 10D-42.024, FLORIDA ADMINISTRATIVE CODE, AS THEY EXISTED PRIOR TO AUGUST 1, 1991, VOID FOR VAGUENESS?
B. IF SO, DOES THIS PRECLUDE THE STATE'S USE OF TEST RESULTS OBTAINED ON BREATH-TESTING MACHINES MAINTAINED PURSUANT TO THOSE RULES IN A CRIMINAL TRIAL?
C. IS THE USE OF DIFFERENT (NOT UNIFORM) FORMS, REFLECTING DIFFERENT MONTHLY MAINTENANCE PROCEDURES FOR BREATH-TESTING EQUIPMENT, A DENIAL OF EQUAL PROTECTION?
D. IF SO, DOES THIS PRECLUDE THE STATE'S USE OF TEST RESULTS FROM THE BREATH-TESTING INSTRUMENTS SO TESTED IN A CRIMINAL TRIAL?
State v. Carino, 625 So.2d 1215, 1215 (Fla. 4th DCA 1993) (incorporating questions previously certified in State v. Nevadomski, 619 So.2d 310, 310 (Fla. 4th DCA 1993) and State v. Rochelle, 609 So.2d 613 (Fla. 4th DCA 1992), review dismissed sub nom., Comrey v. State, 617 So.2d 318 (Fla. 1993)). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Initially, we disagree with the State's argument that the county court lacked jurisdiction to entertain a constitutional challenge to the administrative rule in this case. See Veilleux v. State, 635 So.2d 977 (Fla. 1994). However, we agree with the resolution of the certified questions stated in the Fourth District's opinion in Rochelle, 609 So.2d at 613-618, and adopt that opinion as our own. Accord Veilleux; Mehl v. State, 632 So.2d 593 (Fla. 1993).
Accordingly, we answer questions A. and C. in the negative as qualified by Rochelle. The remaining two questions, being conditioned on affirmative responses to issues A. and C., accordingly are moot. The decision below is approved.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.